IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| EARL BRYANT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 5:16-CV-341 (MTT) |
| ) | |
| FEDERAL NATIONAL MORTGAGE ) | |
| ASSOCIATION, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## ORDER

Defendants Federal National Mortgage Association (Fannie Mae), Citigroup Inc., and PHH Mortgage Corp. move to dismiss Plaintiff Earl Bryant's complaint. Docs. 7; 9. For the reasons stated herein, the motion is **GRANTED**.

## I. BACKGROUND

Around May 23, 2005, Bryant entered into a loan agreement with PHH for $113,230 and, on the same day, executed a security deed (the Note) in favor of Mortgage Electronic Registration Systems, Inc. to 611 Lokchapee Drive, Macon, Georgia (the Real Property) to secure the Loan. *Bryant v. Citigroup, Inc.*, 5:15-CV-411 (MTT), Doc. 5 at 20-24, 26-41 (M.D. Ga.); *see also* Docs. 7 at 2; 9 at 3-4.[1]  On November, 30, 2007, PHH transferred its rights in the Note to CitiMortgage, Inc. (CMI). *Bryant v. Citigroup, Inc.*, 5:12-CV-61 (MTT), Doc. 18-1 (M.D. Ga.).  CMI has held the

---

[1] The Court may take judicial notice of prior judgments and court documents on a motion to dismiss. *Horne v. Potter*, 392 F. App'x 800, 802 (11th Cir. 2010); *Universal Express, Inc. v. U.S. S.E.C.*, 177 F. App'x 52, 53-54 (11th Cir. 2006).

Note and serviced the Loan from then on.  *Bryant*, 5:15-CV-411, Doc. 5 at 47-50; *see also* Docs. 7 at 2-3; 9 at 4.  In 2010, Bryant was notified that his account had an escrow shortage.  *Bryant*, 5:12-CV-61 (MTT), Doc. 1.  Bryant paid the 2010 escrow shortage in a lump sum but refused to pay the 2011 shortage.  *Id.*  After being notified his account was in default, Bryant filed the first of his now five actions related to the Real Property.  *Bryant v. Citigroup, Inc.*, 2012 WL 2375084 at *1 (M.D. Ga.).

On June 22, 2012, this Court dismissed Bryant's first complaint, which alleged fraud and Racketeer Influenced and Corrupt Organizations Act (RICO) claims against Citigroup and CMI.  *Id.* at *1-2.  The Court found CMI owned the Note and that Bryant's challenges to the escrow shortage had no merit.  *Id.*  The Eleventh Circuit affirmed the dismissal of Bryant's claims against CMI but vacated and remanded the dismissal of his claims against Citigroup, directing the Court to dismiss those claims for lack of personal jurisdiction.  *Bryant v. Citigroup, Inc.,* 512 F. App'x 994, 995 (11th Cir. 2013).  On April 3, 2014, Bryant's second complaint, which only alleged claims against Citigroup, was dismissed by this Court for insufficient service of process. *Bryant v. Citigroup, Inc.*, 2014 WL 1347429 at *1-2 (M.D. Ga.).  Then, on August 3, 2014, Bryant, represented by counsel, filed his third complaint challenging the escrow shortage in Bibb County Superior Court against PHH and CMI.  *Bryant v. Citimortgage, Inc.*, No. 5:14-CV-348 (MTT), Doc. 1 (M.D. Ga.).  After removal to this Court, Bryant voluntarily dismissed the complaint with prejudice on October 30, 2014.  *Id.* at Doc. 6.

In 2015, CMI foreclosed on the Real Property and Bryant was notified that Defendant Fannie Mae planned to initiate dispossessory proceedings.  Doc. 1 at 2; *see also Bryant v. Citigroup, Inc.*, 2016 WL 1056575 at *2 (M.D. Ga.).  Then, on November

2, 2015, Bryant filed his fourth action related to the Real Property. *Id.* at *1-2. That complaint alleged Citigroup and PHH committed "mortgage servicing fraud," conspiracy, and various violations of his constitutional rights. *Id.* at *2. Along with again challenging the legality of the escrow shortage, Bryant also sought to halt both the foreclosure on the Real Property and the dispossessory proceedings. *Id.* This Court dismissed the complaint for insufficient service of process. *Id.* at *2-3.

In 2016, Bryant was evicted from the Real Property. Doc. 1 at 2. On July 20, 2016, Bryant filed his latest action related to the Real Property against Defendants PHH, Citigroup, and Fannie Mae. *Id.* at 1. Bryant's complaint again challenges the legality of the escrow shortage, along with the resulting foreclosure and dispossessory proceedings. *Id.* Bryant alleges that (1) all three Defendants committed "mortgage servicing crimes"; (2) PHH and Citigroup were involved in a "partnership of collusion"; and (3) Fannie Mae and Citigroup were involved in a "joint conspiracy" to seize the Real Property. *Id.* at 1-2. Bryant alleges these actions were in violation of his Due Process rights under the U.S. Constitution. Doc. 1 at 2. Defendants filed Motions to Dismiss. Docs. 7, 9. Defendants PHH and Citigroup argue Bryant failed to establish personal jurisdiction. Docs. 7 at 8; 9 at 11. All three Defendants argue Bryant failed to state a claim for relief. Docs. 7 at 9; 9 at 14. Bryant did not file a response but instead filed various other motions.

## II. PERSONAL JURISDICTION

### A. Legal Standard

Citigroup and PHH are nonresident defendants: Citigroup is a Delaware corporation headquartered in New York and PHH is a New Jersey corporation

headquartered in New Jersey.  Docs. 9 at 13; 7 at 9.  A plaintiff has the burden to prove the court has personal jurisdiction over a nonresident defendant.  *Diamond Crystal Brands, Inc. v. Food Movers, Int'l, Inc.*, 593 F.3d 1249, 1257 (11th Cir. 2010).  The Court must apply a two-step inquiry to determine if personal jurisdiction exists:  (1) whether jurisdiction comports with the state's long-arm statute; and, then, (2) "whether sufficient minimum contacts exist between the defendants and the forum state so as to satisfy traditional notions of fair play and substantial justice under the Due Process Clause of the Fourteenth Amendment."[2]  *Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 626 (11th Cir. 1996) (quoting *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d. 253, 256 (11th Cir. 1996) (internal quotation marks omitted).  The Court need not analyze the applicability of Georgia's long-arm statute because Bryant has not established sufficient "minimum contacts" to satisfy Due Process requirements.  The Court will, therefore, only address the minimum contacts prong of the personal jurisdiction analysis.

A plaintiff can establish minimum contacts through a defendant's contacts within the forum state unrelated to the litigation—general jurisdiction—or a defendant's contacts related to the litigation—specific jurisdiction.  *Diamond Crystal*, 593 F.3d at 1267; *Consol. Dev. Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1291-92 (11th Cir. 2000).  General jurisdiction requires continuous and systematic contacts between the defendant and the forum state.  *Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1274 (11th Cir. 2002).  Meanwhile, specific jurisdiction requires the defendant to have "purposefully directed his activities at residents of the forum . . . and the litigation results from alleged

---

[2] Bryant alleges the Defendants violated his Due Process rights; therefore, this Court has federal question subject matter jurisdiction.  Because Bryant does not provide a statutory basis for his claim, the Court will treat it as a claim arising under a federal statute that is silent regarding service of process and apply the two-part personal jurisdiction analysis that looks at (1) the state's long-arm statute and (2) minimum contacts.  *See Sculptchair*, 94 F.3d at 626.

injuries that arise out of or relate to those activities." *Diamond Crystal*, 593 F.3d at 1267 (citation omitted). "Put differently, the defendant must have 'purposefully availed' itself of the privilege of conducting activities—that is, purposefully establishing contacts—in the forum state and there must be a sufficient nexus between those contacts and the litigation." *Id.*

### B. Discussion

Bryant does not allege any contacts by PHH and Citigroup that could rise to the level of continuous and systematic contacts within Georgia. Moreover, Bryant does not allege sufficient facts to establish the "litigation results from alleged injuries that arise out of or relate to" the Defendants' activities within Georgia. *Diamond Crystal*, 593 F.3d at 1267.

Similar to the allegations against Citigroup in his first complaint, Bryant's allegations against PHH are conclusory and unsubstantiated; therefore, they cannot support the exercise of personal jurisdiction. *See* Doc. 1 at 1-2; *Bryant*, 512 F. App'x at 995; *Bryant*, 2012 WL 2375084 at *2; *compare* Doc. 1, *with Bryant v. Citigroup, Inc.*, 5:12-cv-61 (MTT), Doc. 1. Bryant does not allege PHH was involved in servicing the Loan. Indeed, in his complaint, the only alleged contact between PHH and Georgia is a 1996 contract between Bryant and PHH for the Real Property. Doc. 1 at 1. However, Bryant's claims stem from the Loan, in 2005, and not this 1996 contract. *See id.* Bryant does not mention the 2005 Loan in his complaint, much less any connection between it and PHH. *See id.* Moreover, PHH transferred its interest in the Loan to CMI in 2007. *Bryant*, 5:12-CV-61 (MTT), Doc. 18-1. All of Bryant's allegations stem from events after 2007. *See* Doc. 1.

Bryant does allege Citigroup was involved with the servicing of the Loan.  Doc. 1 at 1-2.  However, this Court previously decided CMI, and not Citigroup, serviced the Loan.[3]  *Bryant*, 2012 WL 2375084 at *1-2.  Bryant is bound by that decision under collateral estoppel:  (1) the issue of who serviced the Loan is identical to that decided in his first action; (2) the issue was necessarily decided in that proceeding; (3) Bryant was a party to that proceeding; and (4) that issue was actually litigated in the prior proceeding.[4]  *See U.S. v. Weiss*, 467 F.3d 1300, 1308 (11th Cir. 2006).  Additionally, Bryant cannot assert personal jurisdiction over Citigroup merely based on its subsidiary CMI's involvement.  *See, e.g.*, *Consol. Dev. Corp.*, 216 F.3d at 1292; *Exter Shipping Ltd. v. Kilakos*, 310 F. Supp. 2d 1301, 1313-14 (N.D. Ga. 2004).  Accordingly, Bryant has failed to establish personal jurisdiction over Defendants Citigroup and PHH.

---

[3] Citigroup argues the Eleventh Circuit decided the issue of personal jurisdiction and thus Bryant cannot relitigate that issue under collateral estoppel.  Doc. 9 at 12 (citing *N. Ga. Elec. Membership Corp. v. City of Calhoun, Ga.*, 989 F.2d 429, 433 (11th Cir. 1993) (quoting 18 Wright, Miller and Cooper § 4436 at 338–39 ("Civil Rule 41(b) provides that a dismissal for lack of jurisdiction . . . does not operate as an adjudication upon the merits. . . . The judgment remains effective to preclude litigation of the precise issue of jurisdiction."))).  However, the Eleventh Circuit merely found Bryant "presented no facts" in his first complaint to establish personal jurisdiction over Citigroup.  *Bryant*, 512 F. App'x at 995.  Here, the Court addresses a new complaint and, therefore, must undergo a new analysis of the facts alleged pertaining to personal jurisdiction.  *See N. Ga. Elec. Membership Corp.*, 989 F.2d at 433 (quoting 18 Wright, Miller and Cooper § 4436 at 338–39 ("[Fed. R. Civ. Pro. 41(b)] means only that the dismissal [for lack of jurisdiction] permits a second action on the same claim that corrects the deficiency found in the first action."))

[4] In Bryant's first action, he presented RICO claims and alleged violations of his Due Process rights under the U.S. Constitution giving this Court federal question jurisdiction.  *See Bryant*, 2012 WL 2375084 at *1; *Bryant*, 5:12-CV-00061-MTT, Doc. 1 (M.D. Ga.).  Accordingly, in this action, the Court applies federal common law regarding collateral estoppel.  *See Taylor v. Sturgell*, 553 U.S. 880, 891 (2008).

## III. **FAILURE TO STATE A CLAIM**

### A. Legal Standard

All three Defendants argue Bryant's complaint should be dismissed for failure to state a claim.[5]  Docs. 7 at 9; 9 at 14.  To avoid dismissal, a complaint must contain specific facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The well-pleaded facts must permit inferences that prove the plaintiff is entitled to relief.  *Iqbal*, 556 U.S. at 679.  It is insufficient for the well-pleaded facts to only permit the "mere possibility of misconduct."  *Id*.  "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal."  *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002).  Moreover, where there are dispositive issues of law, a court may dismiss a claim regardless of the alleged facts.  *Marshall Cty. Bd. of Educ. v. Marshall Cty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993) (citation omitted).  When ruling on a motion to dismiss, courts must accept all well-pleaded facts as true and construe all reasonable inferences from those facts in "the light most favorable to the plaintiff."  *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006).  Construing the allegations in his complaint liberally, as required with a pro se complaint, Bryant's complaint fails to "state a claim to relief that is plausible on its face."  *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570); *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008)

---

[5] Because Bryant has failed to establish personal jurisdiction against PHH and Citigroup, this court need not address those Defendants' motion to dismiss for failure to state a claim.  *Republic of Panama v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935, 940 (11th Cir. 1997); *Madara v. Hall*, 916 F.2d 1510, 1513-14 (11th Cir. 1990).  Nevertheless, the Court addresses these alternate grounds for dismissal.

(internal quotation marks and citation omitted) (noting pro se complaints are held to a less stringent standard).

### B. Discussion

Bryant asserts three allegations: (1) that all three defendants committed "mortgage servicing crimes"; (2) that PHH and Citigroup were in a "partnership of collusion"; and (3) that Fannie Mae and Citigroup were in a "joint conspiracy" to seize the Real Property. Doc. 1 at 1-2.

All of these claims depend on the legality of the escrow shortage, which cannot be relitigated against Citigroup and PHH under collateral estoppel.[6] In Bryant's first action, this Court found CMI, and not Citigroup, serviced the Loan. *Bryant*, WL 2375084 at *1-2. In that decision, this Court also found that Bryant's challenge to the escrow shortage had no merit. *Id*. Therefore, Bryant cannot relitigate those issues against Citigroup. *Weiss*, 467 F.3d at 1308. Additionally, Bryant cannot relitigate the legality of the escrow shortage or who serviced the Loan against Fannie Mae and PHH, non-parties to his first action, because (1) Bryant had a "full and fair opportunity to litigate the issue in the earlier proceeding"; (2) the issue is identical to that in the prior proceeding; (3) the issue was actually litigated; and (4) the legality of the escrow shortage was a "crucial and necessary part of the judgment in [the] earlier action." *See A.J. Taft Coal Co., Inc. v. Connors*, 829 F.2d 1577, 1580 (11th Cir. 1987) (quoting *Hart v. Yamaha-*

---

[6] This Court's previous dismissal of Bryant's claims against Citigroup does not bar Bryant from re-asserting those *claims* against Citigroup. The Eleventh Circuit concluded this court lacked personal jurisdiction over Citigroup to rule on its motion to dismiss. *Bryant*, 512 F. App'x at 995. Therefore, this Court lacked the required "competent jurisdiction" for res judicata. *See Hart v. Yamaha-Parts Distribs., Inc.*, 787 F.2d 1468, 1470 (11th Cir.1986) (citing *Ray v. Tenn. Valley Auth.*, 677 F.2d 818, 821 (11th Cir.1982)). If the Court was to find CMI and Citigroup are in privity for purposes of res judicata, the previous decision would preclude Bryant from raising this claim. See, *Hart*, 787 F.2d at 1472-73. However, the privity determination requires more facts regarding factors such as ownership than the Court has before it. *See id.*

*Parts Distribs., Inc.*, 787 F.2d 1468, 1473 (11th Cir. 1986)).  Thus, these allegations cannot state a claim for relief.

First, Bryant alleges that all three Defendants are guilty of "mortgage servicing crimes" but provides no legal basis or factual support for this claim.  *See* Doc. 1.  The Court construes this claim as, again, challenging the legality of the escrow shortage, which Bryant cannot do.  Additionally, Bryant does not allege that PHH or Fannie Mae were involved in any of the alleged servicing activity at all but, instead, alleges only that Citigroup was involved.  Doc. 1 at 1-2. The issue of Citigroup's involvement with the servicing activity has been decided and cannot be relitigated.  Moreover, to the extent Bryant attempts to bring a claim of residential mortgage fraud under O.C.G.A. § 16-8-102, that is a criminal statute that does not provide for civil relief.  *Jenkins v. BAC Home Loans, LP*, 822 F.Supp.2d 1369, 1380-81 (M.D. Ga. 2011).

Next, Bryant alleges Citigroup and PHH engaged in a "partnership of collusion" and that Fannie Mae and Citigroup engaged in a "joint conspiracy" to seize the Real Property.  Doc. 1 at 1-2.  Bryant provides no legal basis for these claims or facts to support the Defendants involvement in a "partnership" or "conspiracy."  Additionally, to the extent these claims attempt to allege a civil claim of conspiracy, that claim requires defendants to have conspired to commit an underlying tort.  *Ray v. Atkins*, 205 Ga. App. 85, 90, 421 S.E.2d 317, 321 (1992) (quoting *Higginbotham v. Harden*, 137 Ga. App. 143, 144, 223 S.E.2d 156, 157 (1975)).  Bryant alleges no underlying tort to support such a claim.  The Court construes the allegation of a "partnership of collusion" to claim Citigroup and PHH conspired regarding the escrow charges and deficiency.  Bryant provides no evidence they took part in such activity, but, if they did, it would not be

tortious because the escrow shortage was found to be legal.  *Bryant*, WL 2375084 at *1-2.  Similarly, a tortious conspiracy by Fannie Mae and Citigroup to "seize" the Real Property through foreclosure would also require the underlying escrow shortage to be illegal.  Therefore, his conspiracy claims do not present a claim for relief because the Defendants cannot be liable for conspiring to commit legal acts.  *Ray*, 205 Ga. App. at 90.

### IV.  CONCLUSION

Accordingly, the Defendants' Motions to Dismiss (Docs. 7; 9) are **GRANTED**.  Bryant's claims against PHH and Citigroup are **DISMISSED** for lack of personal jurisdiction.   Alternatively, those claims are **DISMISSED** for failure to state a claim.  Bryant's claims against Fannie Mae are **DISMISSED** for failure to state a claim.  Bryant's remaining pending motions (Docs. 6; 11; 12; 13; 18; 23; 26; 27; 30; 33) are **DENIED** as moot.

**SO ORDERED**, this the 2nd day of February, 2017.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT